Lauren M. Hausman, (CA Bar No. 349514)
**COPYCAT LEGAL PLLC**
113 N San Vicente Blvd
Suite 232
Beverly Hills, CA 90211
T: (877) 437-6228
E: lauren@copycatlegal.com

Attorney for Plaintiff

AUGUST IMAGE, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

AUGUST IMAGE, LLC,

Plaintiff,

v.

VIE DE MER SKINCARE, INC,

Defendant.

Civil Action No. 2:23-cv-8286

**COMPLAINT**

Plaintiff August Image, LLC ("Plaintiff") sues defendant Vie de Mer Skincare, Inc ("Defendant"), and alleges as follows:

**THE PARTIES**

1. Plaintiff is a limited liability company organized and existing under

the laws of the State of New York with its principal place of business located in New York, NY.

2. Defendant is a corporation organized and existing under the laws of the State of California with its principal place of business located at 220 Eucalyptus Drive, El Segundo, CA 90245. Defendant's agent for service of process is Niloufar Dadashi, 220 Eucalyptus Drive, El Segundo, CA 90245.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with California such that the exercise of personal jurisdiction over it would not offend traditional notices of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction." Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir.


COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

2010)).

## FACTS

### I. Plaintiff's Business

6. From its offices in New York City and London, Plaintiff represents (all around the world) over 100 of some of the most creative and innovative contemporary photographers working today.

7. Plaintiff boasts a wide collection of portrait, lifestyle, beauty and fashion photography for editorial and commercial licensing. Some of Plaintiff's image collection and a list of the photographers it represents is available on its website (at https://www.augustimage.com/).

8. Plaintiff sets itself apart from others because it is knowledgeable about its exclusive images and strives to provide a high level of customer satisfaction. In order to make its rights managed collection available to its clients, Plaintiff has spent years to secure the relationships, information and team to efficiently acquire the releases as necessary.

### II. The Work at Issue in this Lawsuit

9. Kenneth Willardt is one of the many renowned photographers represented by Plaintiff.

10. Mr. Willardt, a Danish-born photographer, is known for his work in the beauty and fashion industries. Relocating to New York after honing his talents


COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

in his home country, Mr. Willardt has partnered with publications such as *Vogue China*, *Italian Vanity Fair*, and *GQ*. In the world of advertisements his clients include L'Oréal, Maybelline, Christian Dior, and Neutrogena. Mr. Willardt's work can be viewed on his professional website (at http://kennethwillardt.com/).

11. In 2009, Mr. Willardt took a professional photograph of American model Emily DiDonato titled "AU11264768" (the "Work"). A copy of the Work is exhibited below:



12. The Work was registered by Mr. Willardt with the Register of Copyrights on July 6, 2020 and was assigned Registration No. VA 2-212-174. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**



COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

13. Mr. Willardt is the owner of the Work and has remained the owner at all times material hereto.

14. For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Work. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

**II. Defendant's Unlawful Activities**

15. Defendant is a botanical-based, cold processed luxury skincare line.

16. Defendant advertises/markets its business primarily through its website (https://viedemerus.com/), social media (e.g., https://www.facebook.com/viedemerus/ and https://www.instagram.com/viedemerus/), and other forms of advertising.

17. On a date after Plaintiff's above-referenced copyright registration of the Work, Defendant published the Work on its website (at https://viedemerus.com/):



COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228




18. A true and correct copy of screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

19. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its social media or for any other purpose.

20. Defendant utilized the Work for commercial use – namely, in connection with the marketing of Defendant's business.

21. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.


COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

22. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the Work in December 2020. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

23. All conditions precedent to this action have been performed or have been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

25. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq*.).

26. Mr. Willardt owns a valid copyright in the Work, having registered the Work with the Register of Copyrights.

27. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright (as Plaintiff serves as the exclusive licensing agent with respect to the Work).

28. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction,

distribution, and public display of the Work on its website.

29. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

30. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

31. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2023 Vie De Mer Paris"), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell



COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228

asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

32. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

33. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

34. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

36. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in

active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## **Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

DATED: October 3, 2023 **COPYCAT LEGAL PLLC**

By: /s/ Lauren M. Hausman
Lauren M. Hausman, Esq.
Attorney for Plaintiff
August Image, LLC


COPYCAT LEGAL PLLC
113 N. SAN VICENTE BLVD., SUITE 232 • BEVERLY HILLS, CA 90211
TELEPHONE (877) 437-6228